UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| Leah Lynch,<br>    *Plaintiff,*<br><br>v.<br><br>Weinston Management Co.,<br>    *Defendant.* | Case No. 1:23-cv-00158-ADA |

**FINAL JUDGMENT**

On December 13, 2024, the Court granted Defendant's motion for summary judgment regarding Plaintiff's Fair Housing Act and false advertising claims. Dkt. 20, at 5. The Court then ordered Plaintiff to show cause as to whether there are any remaining claims in this action given that Plaintiff's amended petition is somewhat vague. Dkt. 21. Plaintiff responded to the show cause order indicating that she has several remaining claims. *See* Dkt. 22, at 1–2. Defendant replied that Plaintiff has failed to raise any claims arising from her amended petition that survived the Court's summary judgment order. Dkt. 23, at 4.

The Court agrees with Defendant. Plaintiff raises several claims that she did not assert against Defendant in her amended petition. Specifically, Plaintiff alleges that (1) Defendant committed lease violations "concerning the discovery of her emotional support animals by an unidentified individual within the apartment complex"; (2) Defendant "neglected to maintain acceptable living conditions in the Plaintiff's unit by failing to address necessary repairs"; (3) Defendant "improperly requested that she disclose sensitive health information pertaining to her medical

1

diagnosis, which constitutes a violation of the Health Insurance Portability and Accountability Act (HIPPA)"; and (4) [w]hen the plaintiff denied to give [Defendant] sensitive health information, she was asked to leave by the management team." Dkt. 22, at 1-2.

To the extent that Plaintiff seeks to amend her complaint to add these new claims, the deadline to amend pleadings as set forth in the scheduling order has long since passed. Dkt. 15 (requiring that all motions to amend pleadings be filed before May 21, 2023). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16. "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.*" Crosswell v. Martinez*, 120 F.4th 177, 189–90 (5th Cir. 2024) (internal quotation marks omitted). Plaintiff has offered no explanation for why she was unable to comply with the deadline in the scheduling order. *See* Dkt. 22.

Plaintiff raised only one other claim in her response to the Court's show cause order. Plaintiff alleges that Defendant "engaged in false advertising by promoting amenities on their website that did not exist, for the purpose of attracting additional residents." *Id.* at 2. Presumably, Plaintiff is referring to the claim in her amended petition that Defendant "falsely advertised having a hot tub on their website." Dkt. 1-1, at 16. Defendant moved for summary judgment on this claim, Dkt. 12, and the Court granted its motion, Dkt. 20. To the extent that Plaintiff moves for reconsideration of the order granting summary judgment, the Court denies her request. *Texas Ass'n for Rts. of Unemployed v. Serna*, No. 1:22-CV-417-DAE, 2023

WL 6347982, at *3 (W.D. Tex. Sept. 6, 2023) (noting that a motion for reconsideration should not be used to "re-urge matters that have already been advanced by a party.").

Because Plaintiff has not shown that her amended petition asserted claims that were not disposed of in the Court's order granting summary judgment, there is nothing left to resolve in this case. Accordingly, the Court renders final judgment pursuant to Federal Rule of Civil Procedure 58.

**IT IS ORDERED** that Plaintiff's suit is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that each party shall bear its own costs.

**IT IS FINALLY ORDERED** that this case is **CLOSED**.

**SIGNED** on September 26, 2025.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE